NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

APR 25 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD WILLIAM DOUGLAS, Jr.; CHRISTINE ANNE HURTT, <br><br> Plaintiffs-Appellants, <br><br> and <br><br> DAVID R.L. HENDERSON, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM JOSEPH KALANTA; MICHAEL JAMES KALANTA; KIMBERLY JO HURTT; MODESTO POLICE DEPARTMENT, <br><br> Defendants-Appellees. | No.   23-15104 <br><br> D.C. No. <br> 1:21-cv-01535-JLT-EPG <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Submitted April 25, 2024[**]

Before:  BENNETT, BADE, and COLLINS, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Plaintiffs Richard William Douglas, Jr., and Christine Anne Hurtt filed a complaint on October 18, 2021, alleging that defendants William Joseph Kalanta, Michael James Kalanta, Kimberly Jo Hurtt, and the Modesto Police Department conspired to murder Angela Dawn Kalanta in 2009. Angela was Douglas's ex-wife and Christine's sister. William was Angela's husband, Michael was the son of Douglas and Angela, and Kimberly was Angela's sister. Defendants moved to dismiss, and plaintiffs sought a default judgment against the Modesto Police Department, which had not appeared in the action. The magistrate judge recommended dismissal of the case against all defendants. First, she recommended dismissing the civil RICO claims against all defendants because plaintiffs lacked statutory standing. Second, she recommended finding that the RICO claims against all defendants were barred by the statute of limitations. Third, she recommended dismissing the claim relating to the Modesto Police Department's alleged failure to conduct an adequate criminal investigation into Angela's death and alleged failure to answer plaintiffs' questions about her case. The district court adopted in full the magistrate judge's recommendations. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. We review de novo a district court's dismissal for failure to state a claim. *See Benavidez v. County of San Diego*, 993 F.3d 1134, 1141 (9th Cir. 2021). RICO's private right of action—18 U.S.C. § 1964(c)—requires that to

2

"have [statutory] standing under § 1964(c), a civil RICO plaintiff must show: (1) that his alleged harm qualifies as *injury to his business or property*; and (2) that his harm was '*by reason of*' the RICO violation, which requires the plaintiff to establish proximate causation." *Canyon County v. Syngenta Seeds, Inc.*, 519 F.3d 969, 972 (9th Cir. 2008) (emphasis added).

Plaintiffs alleged that they "suffered substantial loss of income and severe depression and disability from the death of . . . Angela" and "special damages including monetary damages." They also alleged that they "have not been able to work in any employment of [thei]r professions," "Christine lost her career as a direct result of the murder of her sister Angela," and "[Douglas] and Christine both have lost the love and affection of Angela as a result of her being murdered."

But as explained by the district court, plaintiffs' personal suffering (serious as it likely was), such as depression and their loss of love and affection, does not constitute losses to business or property under the civil RICO statute. *See Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 364 (9th Cir. 2005) (noting that plaintiffs "suffered 'the type of personal injury or injury to an intangible interest not remediable by RICO's civil provisions'" (citations omitted)). While the Ninth Circuit has recognized an injury when a plaintiff was unable to "fulfill his employment contract or pursue valuable employment opportunities," *Diaz v. Gates*, 420 F.3d 897, 900 (9th Cir. 2005) (en banc),

3

plaintiffs' alleged inability to work due to the emotional trauma of Angela's death is an indirect, derivative injury that is too remote from the alleged RICO violations to satisfy RICO's proximate causation requirement, *id.* at 901 (stating that RICO standing requires proximate cause and that "one be a 'person injured in his business or property by reason of a violation of [§] 1962'" (quoting 18 U.S.C. § 1964(c))); *see also Hemi Grp., LLC v. City of New York*, 559 U.S. 1, 10–12 (2010); *Holmes v. Sec. Inv. Prot. Corp.*, 503 U.S. 258, 271–74 (1992).

Thus, we affirm the dismissal of the civil RICO claims against all defendants.[1]

---

[1] The district court noted that plaintiffs' opposition to the motion to dismiss contained new allegations not in the complaint. Plaintiffs also made new allegations in their objection to the magistrate judge's recommendations and on appeal. However, even if we were to consider these allegations, none (singly or collectively) suffice to establish statutory standing. For example, in their affidavits in support of their motions for default judgment against the Modesto Police Department, plaintiffs stated that "[t]he constant mental, physical and financial distress has caused great harm." They further alleged in their opposition to the motion to dismiss that "[Douglas] is homeless as a direct result of [d]efendants['] attack and murder of [Angela]." In their objections to the magistrate judge's recommendations, plaintiffs alleged that "[p]laintiff is homeless as a direct result of [d]efendants['] prior attempts to take his life to shut his mouth the same way they shut Angela's mouth." On appeal, plaintiffs allege that "[d]efendants caused Christine to lose her business as a financial services broker rendering her unemployed and disabled." They further state: "No justice served to victim, and victim's family and friends, loss of home and careers. This is a public safety issue. Plaintiffs are harmed and continue to be harmed with no justice for the murder of Angela, from police cover up, malfeasance and violation of due process." These allegations either do not allege RICO-cognizable losses to business or property, *see Diaz*, 420 F.3d at 900, or are purely indirect injuries that were not proximately caused by the alleged RICO violations, *see id.* at 901; *Hemi Grp.*, 559 U.S. at 11.

4

2.       We review de novo the dismissal of a complaint on statute of limitations grounds.[2]  *See Washington v. Garrett*, 10 F.3d 1421, 1428 (9th Cir. 1993).  The limitations period for civil RICO claims is four years.  *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987).  The Ninth Circuit has "faithfully followed" the "injury discovery" rule, which has two components:

> First, the civil RICO limitations period begins to run when a plaintiff knows or should know of the injury that underlies his cause of action.  The plaintiff need not discover that the injury is part of a pattern of racketeering for the period to begin to run.  The second part of the injury discovery rule is the separate accrual rule, which provides that a new cause of action accrues for each new and independent injury, even if the RICO violation causing the injury happened more than four years before.

*Grimmett v. Brown*, 75 F.3d 506, 510–11 (9th Cir. 1996) (internal quotation marks and citations omitted).

The complaint shows that plaintiffs knew the facts underlying their civil RICO claims in 2009.  Douglas told the coroner on June 2, 2009, that he believed that Angela was murdered by William.  The complaint also recited facts relating to events preceding Angela's death that led plaintiffs to later believe that she had been murdered.  Plaintiffs also acknowledged that they were sued by defendants

---

[2] Though our affirming the district court as to lack of statutory standing would be sufficient to affirm the dismissal, we exercise our discretion to also reach the equally dispositive statute of limitations issue.  *See, e.g.*, *City of Miami Gardens v. Wells Fargo & Co.*, 956 F.3d 1319, 1320 (11th Cir. 2020) (considering both the issue of standing and the issue of statute of limitations).

for defamation in 2011 based on their allegations that defendants had murdered Angela. Based on these facts, the district court concluded that "[r]egardless of whether Angela's 2009 death or the 2011 defamation suit is used as the date for when [p]laintiffs knew the injury underlying their civil RICO claim, the four-year statute of limitations would have expired well before this case was filed in October 2021." We agree.

On appeal, plaintiffs do not explain why they waited more than ten years after Angela's death to file suit. They merely state that they "have done [thei]r due diligence but [they] are not attorneys and are not knowledgeable of the legal process." This is plainly insufficient to overcome the district court's reasoned statute of limitations dismissal.

Plaintiffs further alleged in the opposition to the motion to dismiss that "in 2015 [p]laintiff Christin [sic] [Hurtt] was assaulted with a firearm in her own home by" someone named Thomas Banfield. They further claimed suspicion of the alleged conspiracy back in 2015 "[u]pon Thomas Banfield's arrest," because Banfield "told [d]etectives that he was an attorney and that he knew what he was doing" and "[t]hat is when [Christine] realized the possibility of [defendants] setting [her] up to be killed by Banfield to collect the life insurance that was taken out on [her] during [her] marriage." Setting aside the fact that these allegations are not contained in the complaint, even if plaintiffs were able to base their civil RICO

6

claims on these two alleged facts, the four-year limitations period would have run in 2019.

Plaintiffs also claimed, for the first time in their opposition to the magistrate judge's recommendations, that Kimberly Hurtt supposedly "stalked . . . Christine [Hurtt] through" Christine Hurtt's former "spouse, Carl Botzenhardt and his sister Shawna Devlin" in 2018, and that this behavior by Botzenhardt was purportedly "instrumental in causing [Hurtt] to divorce . . . Botzenhardt in 2022."  We agree with the district court that this allegation is irrelevant to when the statute of limitations for the RICO murder claim began to run, because this allegation, even if taken as true, did not establish any injury to business or property, much less one proximately caused by the alleged RICO violations.

3.      It is unclear from the complaint whether plaintiffs have alleged anything other than their civil RICO claims.  However, in their opposition to the motion to dismiss, plaintiffs stated for the first time: "This is a RICO *and violation of civil rights claim*."  (emphasis added).  Specifically, they stated that "[t]he precise nature of [p]laintiffs['] claims are [the] Stanislaus Court and Modesto Police have and are still violating [their] [c]ivil rights to due process and plaintiffs are alleging [m]alfeasance of the police an[d] county in the mishandling of the Capitol [sic] murder of [Angela] including a botched investigation."  Plaintiffs have made a similar conclusory claim on appeal.

7

The district court considered similar factual allegations in the complaint and concluded *sua sponte* that they did not establish any cognizable civil rights claim against the Modesto Police Department, which had not appeared in the action. First, the district court determined that the right to petition in the First Amendment—the constitutional provision potentially implicated by plaintiffs' allegations—does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a citizen's petition for redress of grievances. Second, it concluded that plaintiffs cannot compel the criminal prosecution of defendants, because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

To the extent that plaintiffs are alleging a federal civil rights claim against the Modesto Police Department, we agree with and affirm the district court's *sua sponte* dismissal.

**AFFIRMED.**

8